CARTER (UNITED STATES v.). See Cases Nos. 14,739–14,741.

CARTER (WHITNEY v.). See Case No. 17,-583.

## Case No. 2,481.

### CARTRIGHT v. BOSTWICK.

[1 Betts, C. C. MS. 55.]

Circuit Court, S. D. New York. May 11, 1842.

SUBSTITUTION OF PAROL AGREEMENT FOR BOND—CONSIDERATION.

[A bond under seal is not superseded by a subsequent parol agreement of exactly like terms and effect, which rests upon no mutuality, and as to which the promisee parts with nothing, nor assumes any responsibility.]

[At law. Action by N. G. Cartright against W. C. Bostwick upon an agreement.]

Demurrer to declaration for want of consideration in contract, and because a sealed contract is in force between the parties in relation to same subject matter.

PER CURIAM. The agreement on the part of the defendant discloses no consideration adequate to support it. The declaration shows that it is intended to supersede a previous sealed contract in relation to the same matter; and for aught shown by the pleadings, the stipulations are precisely correspondent to those in the bond. We find no case sanctioning the doctrine that a parol agreement of exactly like terms and effect will rescind or displace a specialty. 21 Wend. 628, and 13 Wend. 75, rest upon a different doctrine. But if this point is not conclusive the other is, that no consideration is exhibited here. The new agreement rests upon no mutuality, nor does the party to whom the promise is made part with any right or incur any responsibility, as the occasion of the engagement. The only consideration supposed by the plaintiff is, that the new agreement operates as an extinguishment of the bond, and by means of that prejudice, he acquires a right to enforce this promise. The authorities do not support the position, and upon general principles we think the plaintiff should seek his remedy upon his more specific and formal contract. Judgment in favor of the claimant.